```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MAYER AMSCHEL ROTHSCHILD,

       Plaintiff,

v.                                     Case No:  2:24-cv-959-JES-NPM

KOHL'S, INC.,

       Defendant.

## OPINION AND ORDER

This matter comes before the Court on the Motion to Dismiss under Rule 12(b)(6), Alternative Motion for More Definite Statement under Rule 12(e), and Motion to Strike Demand for Attorney's Fees (Doc. #27) filed by Defendant Kohl's, Inc. ("Kohl's") on November 11, 2024. Plaintiff Mayer Amschel Rothschild ("Rothschild") filed a Response in Opposition (Doc. #44) on April 10, 2025.

For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.**

When analyzing a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and take them in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007). "Legal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v.

Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). The Complaint (Doc. #4) states the following:

> 1. Plaintiff, [Mayer[1] Amschel Rothschild is an individual residing in Port Charlotte, Florida
>
> 2. Defendant, Kohl's Department Store, Inc., is a business entity operating in Collier County, Florida at [specific address], and is engaged in the retail business.
>
> 3. This Court has jurisdiction over this matter pursuant to Florida Statutes because the amount in controversy exceeds $50,000.
>
> 5. On or about December 30, 2023, Plaintiff was lawfully on the premises of Kohl's Department Store located at [6381 Naples BlvdNaples, FL 34109 as an invitee.
>
> 6. While in the store, Plaintiff was caused to fall due to a hazardous condition, specifically, wet floor, uneven surface, debris, which was not properly addressed or warned of by Defendant.
>
> 7. As a result of the fall, Plaintiff suffered severe injuries including, but not limited to: a. Closed head injury; Soft tissue damage to the brain; c. Broken nose and septum; d. Lower back pain; and e. Knee joint pain.
>
> 8. Due to these injuries, Plaintiff has been rendered permanently disabled and is unable to function on a normal basis.

(Doc. #4, p. 3.) Based on those statements, Rothschild asserts five counts against Kohl's: COUNT I: NEGLIGENCE/PREMISES LIABILITY; COUNT II: NEGLIGENT MAINTENANCE; COUNT III: FAILURE TO WARN; COUNT IV: NEGLIGENT SUPERVISION AND TRAINING; and COUNT V:

---

[1] The square brackets and various other errors in the quoted material are represented as they appear in the language of Plaintiff's Complaint.

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.  (Id. at 3-4.)

Rothschild then states the following:

> 29. Kohl's Duty of Care
> Kohl's had a duty to provide a safe environment for customers.  This could include keeping aisles clear, maintaining proper lighting, or addressing hazards quickly.
>
> 30. Kohl's failed to uphold this duty (e.g., a dangerous condition on their property that wasn't properly addressed)
>
> 31. Prove Breach of Duty
>
> 32. The hazardous condition existed due to Kohl's negligence a spill that wasn't cleaned up, defective product displays, poor maintenance.
>
> 33. Include evidence such as photos, witness statements, or reports showing that the hazard was caused or ignored by Kohl's staff.
>
> 34. Demonstrated Lack of warning
> Kohl's failed to provide sufficient warnings signs or barriers to make you aware of the potential danger, making it impossible for you to avoid injury.
>
> 35. Eliminate or Minimize Plaintiff's Negligence
>
> 36. Plaintiff will Show that he was acting responsibly and took reasonable precautions, but the negligence on Kohl's part was unavoidable and directly caused the injury.
>
> 37. Document Your Damages
>
> 38. Plaintiff will Clearly outline the physical, emotional, and financial harm you suffered as a result of Kohl's negligence. These Show how these damages were a direct consequence of Kohl's actions or inactions.
>
> 39. By highlighting Kohl's failure to maintain safety standards and there were not any negligence on the part of the Plaintiff, there is no foundation for Kohl's to argue that Plaintiff should share responsibility for the incident.

(Id. at 5-6.)  Rothschild seeks "$20,000,000.00" in compensatory damages.  (Id. at 6.)  His complaint is dated "8th day of July, 2024" as well as "Sept. 13, 2024, 2024."  (Id. at 7.)

**A. Jurisdictional Issues**

Rothschild has failed to establish the citizenship of any party.  He alleges that he "resid[es]" in "Port Charlotte, Florida."  (Doc. #4, p. 2.)  But citizenship, for jurisdictional purposes, tuns on one's domicile, not one's residence.  McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  Id. at 1257-58.  Here, Rothschild's citizenship is unstated.

Rothschild alleges that Kohl's is a "business entity operating in Collier County, Florida at [specific address]." (Doc. #4, p. 2.)  However, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business.  MacGinnitie v. Hobbs Grp., 420 F.3d 1234, 1239 (11th Cir. 2005).  Rothschild does not identify Kohl's state of incorporation or its principal place of business.

Finally, Rothschild asserts that this Court has jurisdiction pursuant to "Florida Statutes because the amount in controversy exceeds $50,000."  (Doc. #4, p. 1.)  But federal diversity jurisdiction is created by federal — not state — statute, 28 U.S.C.

§ 1332, and has an amount-in-controversy threshold of $75,000.

It is thus impossible for the Court to discern if it has subject-matter jurisdiction.² Therefore the motion to dismiss is granted.

**B. Other Pleading Issues**

Rothschild alleges that he "was caused to fall due to a hazardous condition." He then "specif[ies]" that the condition was "wet floor, uneven surface, [or] debris." He later asserts that Kohl's' negligence included "a spill that wasn't cleaned up, defective product displays, [or] poor maintenance." Finally, he asserts that a "safe environment . . . <u>could</u> include keeping aisles clear, maintaining proper lighting, or addressing hazards quickly." These are speculations, not allegations.

Rothschild has evidently used a template or guide in drafting his Complaint. As a *pro se* plaintiff, he is free to do so (even to his own detriment). But at a minimum, Rothschild must remove unnecessary language originating from the template or guide from his Complaint, as it is currently unclear where the template or guide ends and where his allegations begin.

For example, Rothschild's complaint is littered with

---

² This cannot come as a surprise to Rothschild, as the same issues were raised in one of the many other cases he has filed in this Court. See Report and Recommendation (Doc. #19, pp. 3–4), Rothschild v. Pfizer, et al., 2:24-cv-0301 (M.D. Fla. Aug. 12, 2024), accepted and adopted (Doc. #20) (Aug. 30, 2024).

placeholders, random changes from the third person to the second person, and other confusing changes in tone and voice: "[specific address]"; "This could include keeping aisles clear, maintaining proper lighting, or addressing hazards quickly"; "Include evidence such as photos, witness statements, or reports showing that the hazard was caused or ignored by Kohl's staff"; "Prove Breach of Duty"; "Eliminate or Minimize Plaintiff's Negligence"; "Document Your Damages"; " . . . Clearly outline the physical, emotional, and financial harm you suffered as a result of Kohl's negligence"; " . . . Show how these damages were a direct consequence of Kohl's actions or inactions."

Kohl's seeks to dismiss Rothschild's Complaint as a shotgun complaint. (Doc. #27, pp. 2-6.) Kohl's further challenges the Complaint as generally inadequate. For instance, Kohl's notes that Rothschild has not even quoted the correct elements for negligent infliction of emotional distress ("NIED"). (Id. at 6.) In addition, Kohl's moves to strike Rothschild's request for attorney's fees, contending that he is not entitled to such fees as a *pro se* plaintiff. (Id. at 7.)

Rothschild's two-page[3] response evinces little understanding of Kohl's challenges to the Complaint. (Doc. #44, p. 2-3.) He

---

[3] The first page contains the caption and title, and the last page contains Rothschild's signature block. (Doc. #44, pp. 1, 4.)

does not respond to the contention that he has made an impermissible shotgun complaint. He does not respond to Kohl's motion to strike his request for attorney's fees. He does not seem to disagree that he has failed to quote the correct elements of NIED or that his allegations are otherwise vague and conclusory.

Based on the Court's review of the pleadings, the motion, and the response, the motion to dismiss is **GRANTED**. Furthermore, the Court **STRIKES** Rothschild's request for attorney's fees.[4]

A question remains as to whether the dismissal should be with or without prejudice. Rothschild has filed six lawsuits in this District within the past year.[5] Four have been dismissed — three for failures to prosecute, and in the fourth, the complaint had many of the same deficiencies identified here. There, Judge Chappell allowed Rothschild to amend his complaint twice, but then

---

[4] Jordan v. Closet Factory Franchise Corp., No. 24-12229, 2025 WL 1100911, at *4 (11th Cir. Apr. 14, 2025) ("*pro se* litigants are entitled to an award of attorney's fees only to the extent that the 'services of an attorney were utilized and fees incurred.'") (citing Barrett v. Bureau of Customs, 651 F.2d 1087, 1089 (5th Cir. 1981); Clarkson v. IRS, 678 F.2d 1368, 1371 (11th Cir. 1982)).

[5] Rothschild v. Pfizer Corporation et al., 2:24-cv-00301-SPC-KCD (M.D. Fla., filed Apr. 4, 2024); Rothschild v. Anywhere Advisors LLC et al., 2:24-cv-00304-SPC-KCD (M.D. Fla., filed Apr. 4, 2024); Rothschild v. Fischer Realty Inc. et al., 2:24-cv-00631-SPC-NPM (M.D. Fla., filed July 10, 2024); Rothschild v. Kohl's Inc., 2:24-cv-00959-JES-NPM (M.D. Fla., filed Oct. 15, 2024); Rothschild v. Aetna Health Inc., 2:24-cv-01099-SPC-KCD (M.D. Fla., filed Nov. 27, 2024); Rothschild v. Fisher Realty et al., 2:25-cv-00230-JES-NPM (M.D. Fla., filed Apr. 2, 2025).

accepted and adopted Magistrate Judge Dudek's recommendation that the case be dismissed and closed, because anything less "would result in waste of scarce [public] resources and would only serve as an incentive to further abuses." Report and Recommendation (Doc. #19, p. 5), <u>Rothschild v. Pfizer, et al.</u>, <u>supra</u> n. 2.

Here, the Court will give Rothschild leave to amend his complaint once. After having received almost **<u>six months</u>** to respond to the present motion, Rothschild's two-page response is deficient in almost every respect. If his forthcoming amended complaint fails to resolve the serious issues identified in this Opinion and Order, Rothschild is warned that this case may be dismissed <u>with prejudice</u>.

Accordingly, it is now

**ORDERED**:

1. Defendant Kohl's, Inc.'s Motion to Dismiss under Rule 12(b)(6), Alternative Motion for More Definite Statement under Rule 12(e), and Motion to Strike Demand for Attorney's Fees (Doc. #27) is **GRANTED IN PART** and **DENIED IN PART.**

2. The motion is **GRANTED** on the Rule 12(b)(6) grounds and the request to strike the demand for attorney's fees is also **GRANTED.** As to the Rule 12(e) grounds, the motion is **DENIED** as **MOOT.**

3. Plaintiff Mayer Amschel Rothschild may file an **AMENDED**

**COMPLAINT,** which complies with federal pleading rules and standards, no later than **thirty (30) days** after the entry of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this  23rd  day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record