UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAYER AMSCHEL ROTHSCHILD,

    Plaintiff,

v.    Case No: 2:24-cv-959-JES-NPM

KOHL'S INC., a foreign corporation,

    Defendant.

**ORDER**

This matter comes before the Court on plaintiff's Motion for Recusal of Judge John E. Steele Pursuant to 28 U.S.C. § 455 (Doc. #62) filed on May 24, 2025. Plaintiff argues for recusal because the undersigned's impartiality might reasonably be questioned and based on a personal bias or prejudice under Section 455(a) and 455(b)(1). No response has been filed and the time to respond has expired.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process. [] Thus, the court looks to the perspective of a reasonable observer who is *informed of all the*

*surrounding facts and circumstances*." In re Evergreen Sec., Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009) (internal citations omitted) (emphasis in original). Adverse rulings are rarely grounds for recusal. In re Walker, 532 F.3d 1304, 1311 (11th Cir. 2008) (citing Liteky v. United States, 510 U.S. 540, 554 (1994)).

In this case, the Court issued an Opinion and Order (Doc. #47) granting defendant's Motion to Dismiss on the Rule 12(b)(6) grounds and directed plaintiff to file an Amended Complaint within 30 days. The undersigned finds no basis justifying recusal as there is no "pattern of conduct" as alleged by plaintiff with only one case at issue. (Doc. #62 at ¶ 3.)

The characterization of the Complaint as a "shotgun pleading" was made by *defendant* in moving for dismissal as noted in the Opinion and Order. (Id. at ¶ 4; Doc. #47, pp. 6 & 7.) The undersigned described the "two-page response" filed in response to the motion to dismiss as "deficient in almost every respect" because it was filed after plaintiff was provided six months to respond and the response failed to address the issues raised by the motion to dismiss. (Doc. #62 at ¶ 4; Doc. #47 at 8.) Lastly, the Court did not use the phrase "failure to understand the law" in the Opinion and Order. (Doc. #62 at ¶ 4.)

The other case referenced, Rothschild v. Pfizer Corp., 2:24-cv-301-SPC-KCD (M.D. Fla.), was dismissed by a different district judge. (Doc. #62 at ¶ 5.) There is no "cumulative tone" or

"repeated threats of dismissal with prejudice" made by the undersigned. (Doc. #62 at ¶ 6.)

The issue of allowing counsel to appear by Zoom and not plaintiff was not raised before the undersigned. (Doc. #62 at ¶ 7-8.) The request was denied by another judge, and the hearing was held before the United States Magistrate Judge. (Doc. #61.)

The motion for recusal will be denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Recusal of Judge John E. Steele Pursuant to 28 U.S.C. § 455 (Doc. #62) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of June 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record