UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAYER AMSCHEL ROTHSCHILD,

    Plaintiff,

v.                        Case No: 2:24-cv-959-JES-NPM

KOHL'S, INC.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on the Motion to Dismiss (Doc. #65) filed by Defendant Kohl's, Inc. ("Kohl's") on June 12, 2025. Plaintiff Mayer Amschel Rothschild ("Rothschild") filed a Response in Opposition (Doc. #70) on July 10, 2025. Also before the Court is Plaintiff's Motion in Limine to Exclude References to Prior Lawsuits and Litigation History (Doc. #90) filed on July 21, 2025.[1] For the reasons set forth below, the motion to dismiss is **GRANTED,** and the case is dismissed **WITH PREJUDICE.**

**I.**

When analyzing a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and take them in the light most favorable to the plaintiff. Erickson v. Pardus,

---

[1] Rothschild fails to comply with M.D. Fla. Loc. R. 3.01(g) — and not for the first time. (Doc. #54, p. 3 n.3.) Moreover, like other motions he has tried to file in this case, the motion in limine is "premature." (Doc. #87.) Finally, the motion is moot, as the Court is granting Defendant's motion to dismiss.

551 U.S. 89 (2007).  "Legal conclusions without adequate factual support are entitled to no assumption of truth."  <u>Mamani v. Berzain</u>, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

The Amended Complaint (Doc. #57) makes the following factual allegations:

> 7. On or about December 30, 2023, Plaintiff was lawfully present as a customer at Defendant's retail store located at 6381 Naples Blvd, Naples, FL 34109.
>
> 8. While walking through the premises, Plaintiff slipped and fell due to an unmarked hazardous condition, including a wet floor and debris that had not been cleaned or cordoned off.[2]
>
> 9. No warning signs or barriers were present to alert customers of the danger.
>
> 10. As a result of the fall, Plaintiff sustained serious injuries, including a closed head injury, brain soft tissue damage, a fractured nose and septum, lower back trauma, and severe damage to both knees.
>
> 11. The injuries have resulted in permanent physical impairment and cognitive deficits, rendering Plaintiff unable to perform the professional duties of his career in corporate mergers and acquisitions.
>
> 12. Defendant had actual or constructive knowledge of the dangerous condition through its employees but failed to remedy or warn of the hazard.

(<u>Id.</u> at 2.)  Based on those statements, Rothschild asserts five counts against Kohl's:  COUNT I: NEGLIGENCE/PREMISES LIABILITY; COUNT II: NEGLIGENT MAINTENANCE; COUNT III: FAILURE TO WARN; COUNT

---

[2] For comparison, in Rothschild's original complaint, this factual allegation read as follows:  "While in the store, Plaintiff was caused to fall due to a hazardous condition, specifically, wet floor, uneven surface, debris, which was not properly addressed or warned of by Defendant."  (Doc. #4, p. 3).

IV: NEGLIGENT SUPERVISION AND TRAINING; and COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS. (Id. at 2-3.) Rothschild seeks "$20,000,000.00" in compensatory damages. (Id. at 3.)

Rothschild's amended complaint is dated "May 19, 2025" as well as the "1st day of May, 2023." (Id. at 3-4.) There are two signature blocks, bearing the printed names "MAYER AMSCHEL ROTHS-CHILD" and "Thomas Etienne Rothschild." (Id. at 3-4.) For reasons that are unclear, Rothschild references two case numbers: "2:24-cv-959-JES-NPM" and "02:23[-cv-]000270[-JLB-]NPM." (Id. at 1.)

**II.**

Rothschild's amended complaint states that "[w]hile walking through the premises," he "slipped and fell due to an unmarked hazardous condition, including a wet floor and debris that had not been cleaned or cordoned off." In his response to Kohl's' motion to dismiss, Rothschild asserts that he fell "in the parking lot and premises of Kohl's" and that he fell "in an area with unmarked pavement defects." As this Court previously noted, "[t]hese are speculations, not allegations." (Doc. #47, p. 5.)

Kohl's seeks to dismiss Rothschild's Amended Complaint as a shotgun pleading. (Doc. #65, pp. 3-9.) Kohl's also challenges the Amended Complaint as generally inadequate. For instance, Kohl's notes that Rothschild has failed to elaborate whether it "was required to *clean* or *repair* the area, which are two separate and distinct tasks" and that it cannot glean a relationship between

- 3 -

the task of "repairing" and the alleged hazards of a "wet floor" or "debris."  (Id. at 6.)  Kohl's also notes that Rothschild has once again not quoted the correct elements for negligent infliction of emotional distress, or alleged facts supporting the elements of negligent supervision.  (Id. at 7.)

Rothschild's one-page[3] response again evinces little understanding of Kohl's challenges to the Amended Complaint.  (Doc. #70, p. 3.)  Once again, he does not respond to the contention that he has filed a shotgun pleading.  (Id.)  Once again, he does not seem to disagree that he has failed to quote the correct elements of NIED, that he has failed to allege facts supporting negligent supervision, or that his allegations are otherwise vague and conclusory.  (Id.)

In fact, terse as it is, Rothschild's response creates more confusion than it resolves.  He asserts that he fell "in the *parking lot* and *premises* of Kohl's" and that he fell "in an area with unmarked *pavement* defects."  Those are multiple, distinct theories of injury; moreover, they are in tension with Rothschild's Amended Complaint, which alleges that he "slipped and fell due to an unmarked hazardous condition, *including* a wet *floor* and *debris*

---

[3] The first page is made up almost entirely of the caption and title, the second page contains part of an "opening statement" and a "supplemental declaration" for a Rule 16(b) conference on July 14, 2025, and the final three pages are an exact copy of the first three pages.  (Doc. #70, pp. 1-6.)

that had not been *cleaned* or cordoned off." Based on the Court's review, the motion to dismiss should be **GRANTED**.

The Court previously warned Rothschild that he would only receive "leave to amend his complaint once." (Doc. #47, p. 8.) That was because after having received "almost six months to respond" to the last motion to dismiss, Rothschild's "two-page response" was "deficient in almost every respect." (Id.) Rothschild was also warned that if his amended complaint did not resolve the "serious deficiencies" identified in his original complaint, this case could "be dismissed with prejudice." (Id.) Even so, Rothschild has filed an amended complaint with several of the same, serious deficiencies and a response that is again deficient in almost every respect.

Although the Court is not, at this time, making a finding that Rothschild is a "vexatious" litigant, the Court will consider his litigation history as a basis for dismissal with prejudice. Rothschild has been involved in at least twenty-two actions — nearly all of which have been dismissed as "frivolous" or for "failure to prosecute" — in this District, and in district courts in New Mexico, Arizona, and California, under the names Mayer Amschel Rothschild, Thomas Etienne Rothschild, and Thomas Abraham Cady.[4] In one such case, Judge Chappell accepted and adopted Judge

---

[4] Order, (Doc. #54, pp. 1 -2, n.1) (collecting cases).

- 5 -

Dudek's recommendation to dismiss the case with prejudice, as anything less "would result in waste of scarce [public] resources and would only serve as an incentive to further abuses." Rep. & Recomm. (Doc. #19, p. 5), Rothschild v. Pfizer, No. 2:24-cv-00301, accepted and adopted, (Doc. #20.) For many of the same reasons, this Court dismisses the above-captioned case **WITH PREJUDICE**.

Accordingly, it is now

**ORDERED**:

1. Defendant Kohl's, Inc.'s Motion to Dismiss (Doc. #65) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.
2. Plaintiff Mayer Amschel Rothschild's Motion in Limine to Exclude References to Prior Lawsuits and Litigation History (Doc. #90) is **DENIED** as **MOOT**.
3. The Clerk of Court shall enter judgment accordingly, terminate all pending deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this  28th  day of July 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record